# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                              **4:18-CR-00508-01-JM**

**SHABAZZ MUHAMMAD**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 33) is DENIED.

**I.   BACKGROUND**

On June 11, 2019, Defendant pled guilty to being a felon in possession of a firearm.[1]  On October 16, 2019, he was sentenced to 51 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. No. 26.

[2] Doc. No. 29.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant does not allege, nor does he provide documentation, that he exhausted his administrative remedies at the Bureau of Prisons.

Even if the Court had jurisdiction, the request would be denied. In support of his motion, Defendant alleges that he has diabetes and had pneumonia in 2011, which leave him at higher risk of suffering serious illness if he were to contract COVID-19. First, diabetes and a case of pneumonia nine years ago are not "extraordinary and compelling" reasons to support his release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Neither diabetes nor pneumonia are listed. In fact, Defendant's health issues are common – there is nothing extraordinary and compelling about them.[6] Defendant has provided no argument or evidence to show that his diabetes is not controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[7] Third, Defendant is 49 years old and has served less than 15% of his sentence,

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 21, Defendant has 25 convictions, which include over ten for thefts, robbery, domestic battery, forgery, aggravated assault, possession of cocaine, and shoplifting. In fact, Defendant committed the instant offense while on parole for a prior conviction. Defendant also has a long history of cocaine abuse, and before his arrest was using daily.

The severity of the instant offense must also be considered. Defendant was a suspect in an aggravated robbery. When he was pulled-over he refused officer's commands and repeatedly reached in the back of the vehicle in a suspicious manner. Once Defendant finally exited the vehicle, officers located a Hi-Point .45 caliber handgun with a round in the chamber and an extended magazine holding fourteen rounds. The victim of the aggravated robbery did not want to press charges.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 33) is DENIED.

IT IS SO ORDERED, this 9th day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE