IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                               4:18-CR-00508-01-JM

SHABAZZ MUHAMMAD

**ORDER**

For the reasons set out below, Defendant's Second Motion for Compassionate Release (Doc. No. 36) is DENIED.

One of the reasons the previous request was denied was because Defendant had not exhausted his administrative remedies. Now he asserts that he requested compassionate release on September 2, 2020 and has received no response. Accordingly this Court has jurisdiction.

Again, Defendant alleges that he has diabetes and hypertension, which put him at higher risk of suffering serious illness if he were to contract COVID-19. First, diabetes and hypertension are not "extraordinary and compelling" reasons to support his release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[1] Diabetes and hypertension are not listed. In fact, Defendant's

---

[1] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

health issues are common – there is nothing extraordinary and compelling about them.[2] Although Defendant has provided medical records, they do not support a finding that his medical conditions cannot not be controlled with medication or that he is unable to function independently in prison.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[3]  Third, Defendant is 49 years old and has served less than 15% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Since age 21, Defendant has 25 convictions, which include over ten for thefts, robbery, domestic battery, forgery, aggravated assault, possession of cocaine, and shoplifting.  In fact, Defendant committed the instant offense while on parole for a prior conviction.  Defendant also has a long history of cocaine abuse, and before his arrest was using daily.

The severity of the instant offense must also be considered.  Defendant was a suspect in an aggravated robbery.  When he was pulled-over he refused officer's commands and repeatedly reached in the back of the vehicle in a suspicious manner.  Once Defendant finally exited the vehicle, officers located a Hi-Point .45 caliber handgun with a round in the chamber and an

---

[2] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

[3] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

extended magazine holding fourteen rounds. The victim of the aggravated robbery did not want to press charges.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 36) is DENIED.

IT IS SO ORDERED, this 9th day of November, 2020.

                                                                                                             UNITED STATES DISTRICT JUDGE